UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HAKIM FAJARDO, SHEILA GAILLARD,
SHARI RAPHAEL, LAUREN ROSSI and
AMBER SIZEMORE, on behalf of themselves
and all others similarly situated,

                      Plaintiffs,                      15-cv-6912 (PKC)

    -against-                      MEMORANDUM
                                                  AND ORDER

ARISE NEWS, INC., ARISE MEDIA UK LTD,
NDUKA OBAIGBENA and KENIM
OBAIGBENA,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The plaintiffs move for entry of default judgment against defendants Nduka Obaigbena, Kenim Obaigbena and Arise News, Inc., and to strike the Answers of the two Obaigbena defendants. (Docket # 33.) Plaintiffs do not presently seek damages or an award for attorneys' fees, and request that the Court conduct an inquest as to damages. For the reasons explained, the motion is granted as to Nduka Obaigbena, Kenim Obaigbena and Arise News, Inc. for liability only. There will be an inquest on damages.

BACKGROUND.

        Plaintiffs commenced this action on September 2, 2015, when they filed a Complaint alleging that defendants violated the Fair Labor Standards Act and New York Labor Law. (Docket # 3.)

        Plaintiffs filed an affidavit of service as to Arise News, Inc. dated September 30, 2015, which states that service was effectuated through the New York Secretary of State on

September 18, 2015.  (Docket # 18.)  According to the Complaint, Arise News, Inc. is a New York corporation with a principal place of business in New York.  (Compl't ¶ 13.)  Arise News, Inc. has not answered or appeared in this action.  On December 18, 2015, the Clerk of Court entered a Certificate of Default as to Arise News, Inc.  (Docket # 31.)

Kenim Obaigbena is alleged to be a principal shareholder and owner of defendant Arise News, Inc.  (Compl't ¶ 27.)  Plaintiffs have filed an affidavit of service as to defendant Kenim Obaigbena, which states that she was personally served in Los Angeles, California.  (Docket # 19.)  Kenim Obaigbena filed a notice of appearance on October 8, 2015, stating that she was representing herself pro se.  (Docket # 21.)  She also filed an Answer on October 8, 2015, which included counterclaims asserting that she has never been an owner of Arise News, Inc. or Arise Media UK Ltd.  (Docket # 20.)  The counterclaims appear to allege intentional infliction of emotional distress by the plaintiffs and to seek sanctions under Rule 11, Fed. R. Civ. P.  (Docket # 20.)

Nduka Obaigbena is alleged to be the founder and owner of defendant Arise News, Inc.  (Compl't ¶ 26.)  On December 11, 2015, plaintiffs filed a Notice of a Lawsuit and Request to Waive Service of a Summons addressed to defendant Nduka Obaigbena at an address in Lagos, Nigeria.  (Docket # 27.)  They also filed a signed waiver of service by defendant Nduka Obaigbena.  (Docket # 29.)  Nduka Obaigbena filed a notice of appearance dated December 11, 2015, stating an intention to proceed pro se.  (Docket # 28.)  The Notice of Appearance listed an address for Nduka Obaigbena on Fifth Avenue in New York City.  (Docket # 28.)  Nduka Obaigbena separately filed an Answer, also dated December 11, 2015.  (Docket # 26.)  In the Answer, Nduka Obaigbena admits to being the founder and owner of Arise News,

Inc., and admits that Arise News, Inc. is a New York corporation with its principal place of business in New York. (Compl't ¶¶ 13, 26 & Docket # 26 at 2.)

There is no indication that defendant Arise Media UK Ltd. has been served with process or appeared in this action. The plaintiffs do not move for entry of default judgment as to Arise Media UK Ltd.

On September 10, 2015, the Court ordered the parties to attend an initial pretrial conference on November 20, 2015. (Docket # 17.) By the time of the November 20 conference, defendants Arise News, Inc. and Kenim Obaigbena had been served, and neither appeared at the conference. (Docket # 25.) This Court issued an Order noting that Arise News, Inc. and Kenim Obaigbena had not answered or appeared in the action, and stated that on or after December 11, 2015, plaintiff could seek a Certificate of Default from the Clerk and move for entry of default judgment against Arise News, Inc. (Docket # 25.) The Order scheduled a case management conference for February 5, 2016 at 12:30 p.m., and stated, in all-uppercase letters, "IF ANY OF THE SERVED DEFENDANTS FAIL TO APPEAR IN PERSON OR BY ATTORNEY AT SAID CONFERENCE, ANY ANSWER FILED BY THEM WILL BE STRICKEN AND A DEFAULT JUDGMENT ENTERED AGAINST THEM." (Docket # 25.)

No defendant appeared at the pretrial conference of February 5, 2016. (Docket # 32.) Following that conference, this Court issued an order stating in part, "Despite the clear non-technical warning that any defendant not appearing at today's conference would have his or its answer stricken, no defendant appeared at today's conference. No request for an adjournment was sought." (Docket # 32.) The Order granted plaintiffs leave to move to strike the answer of any served defendant who failed to appear at the conference, and to seek entry of default

judgment against any served defendant who had not answered or filed a notice of appearance. (Docket # 32.)

On March 28, 2016, plaintiffs moved, pursuant to Rules 37 and 55, Fed. R. Civ. P., and Local Civil Rule 55.2, for entry of default judgment and to strike the answers of the two Obaigbena defendants.  (Docket # 33.)  No defendant has filed submissions in opposition or communicated with the Court in any way.

PLAINTIFFS' MOTION IS GRANTED PURSUANT TO RULE 37, FED. R. CIV. P.

Rule 37(b)(2)(A), Fed. R. Civ. P., provides in part that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:  . . . (iii) striking pleadings in whole or in part [or] . . . (vi) rendering a default judgment against the disobedient party . . . ."  "Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.  These include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance."  Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quotation marks omitted).

A.  The Defendants' Conduct is Willful.

Subsequent to filing their respective Answers and Notices of Appearance, the two Obaigbena defendants have failed to attend the pretrial conferences ordered by this Court.  The defendants' failure to appear at the conferences, as ordered by this Court, violates Rule 26(f)(2), Fed. R. Civ. P.

Defendants have proffered no explanation for their failure to attend the conferences ordered by this Court. Similarly, despite the express and non-technical warning that failure to attend the conference of February 5, 2016 could result in entry of default judgment, no defendant appeared. The Court therefore concludes that the defendants' failure to attend the pretrial conferences as ordered was willful.

B.  No Lesser Sanction Would be Efficacious.

In light of the Court's express and non-technical warning that failure to attend the pretrial conference of February 5, 2016 could result in the striking of their answers and entry of default judgment, the two Obaigbena defendants nevertheless failed to attend the conference. Because the warning of this potential sanction was ignored by the defendants, the Court concludes that no lesser sanction would be efficacious.

C.  Duration of Non-Compliance.

Defendant Kenim Obaigbena was served on October 8, 2015. She failed to attend the November 20, 2015 conference and has made no subsequent communications with the Court. The duration of his non-compliance is therefore significant.

Defendant Nduka Obaigbena filed a notice of appearance dated December 11, 2015, which was subsequent to the initial pretrial conference. (Docket # 28.) More than three months have passed since the pretrial conference of February 5, 2016, at which Nduka Obaigbena failed to appear. Though Nduka Obaigbena's non-compliance is not as lengthy as that of Kenim Obaigbena, it has nevertheless been of a duration that weighs in favor of entering default judgment.

### D. All Defendants Were Warned of the Consequences of Non-Compliance.

In the Order of November 20, 2015, the Court expressly warned all served defendants in non-technical terms that failure to attend the pretrial conference of February 5, 2016 could result in the entry of default judgment against them. (Docket # 25.) No defendant appeared or sought an adjournment of the conference, and no defendant has communicated with the Court explaining the failure to attend. In light of the Court's warning, entry of default judgment is appropriate.

### E. Weighing All Factors, Default Judgment Is Entered Against the Defendants and the Answers of the Obaigbena Defendants Are Stricken.

In light of the foregoing, the Court concludes that the failure of the Obaigbena defendants to attend the pre-trial conferences, as ordered by the Court, was willful and of a significant duration. Moreover, given that the Court issued an express and non-technical warning that failure to attend the pretrial conference of February 5, 2016 could result in dismissal, no sanction less than entry of default judgment and striking of defendants' answers would be efficacious.

Pursuant to Rule 37(b)(2)(A), default judgment is therefore entered as to defendants Nduka Obaigbena and Kenim Obaigbena, and their answers are stricken.

PLAINTIFFS' MOTION IS GRANTED AS TO ARISE NEWS, INC. PURSUANT TO RULE 55, FED R. CIV. P.

Arise News, Inc. has not appeared or answered in this case. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(a), Fed. R. Civ. P. The Clerk of this Court entered a certificate of default as to Arise News, Inc. on December 18, 2015. (Docket # 31.)

The Court's entry of default judgment under Rule 55(b) must be consistent with due process of law.  See, e.g., City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 132 (2d Cir. 2011).  Here, the Court expressly warned that failure to attend the pretrial conference of February 5, 2016 could result in the entry of default judgment against any served defendant.  Moreover, Arise News, Inc. was served with process on September 18, 2015.  (Docket # 18.)  In the subsequent eight months, it has not appeared in this case.

Entry of default judgment is therefore appropriate as to defendant Arise News, Inc.

PLAINTIFFS ARE DIRECTED TO SHOW CAUSE IN WRITING AS TO WHY THEIR CLAIMS AGAINST ARISE MEDIA UK LTD. SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE PROCESS.

According to the Complaint, defendant Arise Media UK Ltd. is incorporated in the United Kingdom and has its principal place of business in the United Kingdom.  (Compl't ¶ 25.)  More than eight months have passed since plaintiffs initiated this case, and there is no indication that Arise Media UK Ltd. has been served with process.

Rule 4(h)(1), Fed. R. Civ. P., states that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a . . . foreign corporation . . . must be served: (1) in a judicial district of the United States: . . . or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Rule 4(m) states that "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f) . . . ."

The Second Circuit also has "held inapplicable the foreign country exception to Federal Rule of Civil Procedure 4(m)'s [then-governing] 120-day time limit for service where a party did not attempt service within the 120-day limit and 'ha[d] not exactly bent over backward to effect service.'" <u>DEF v. ABC</u>, 366 Fed. App'x 250, 253 (2d Cir. 2010) (quoting <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737, 740 (2d Cir. 1985)).

By no later than May 27, 2016, plaintiffs shall show cause in writing why the action against Arise Media UK Ltd. ought not be dismissed without prejudice for failure to timely and diligently serve process within the time permitted.

CONCLUSION.

Plaintiffs' motion to enter default judgment and to strike the answers of Kenim Obaigbena and Nduka Obaigbena is GRANTED.  Plaintiffs' motion to enter default judgment as to defendant Arise News, Inc. is also GRANTED.  The Clerk is directed to terminate the motion. (Docket # 33.)

This action will be referred to Magistrate Judge Henry B. Pitman for the purpose of conducting an inquest on damages.

No later than May 27, 2016, plaintiffs shall show cause in writing why the action against Arise Media UK Ltd. ought not be dismissed without prejudice for failure to timely and diligently serve process.

- 9 -

      Plaintiffs are directed to serve a copy of this Memorandum and Order upon Arise News, Inc., Kenim Obaigbena and Nduka Obaigbena.

      SO ORDERED.

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 13, 2016